GLOBE SOAP CO. v. LOUISVILLE & NASHVILLE RY.

LEGAL RULE THAT LESSOR IS NOT ESTOPPED AS TO AFTER-ACQUIRED INTEREST WHERE INTEREST PASSES BY LEASE, NOT NECESSARILY BINDING ON CHANCELLOR.

At law, where in a lease an interest passes, there is no estoppel on the lessor as to an after-acquired interest, but a court of equity will not invariably follow this rule; thus in a proper case, where the parties specially contracted with reference to an after-acquired interest, in addition to the ordinary lease covenants, such contract will be regarded as a covenant for a further assurance, and the lessor will be estopped to assert such after-acquired interest.

[Syllabus approved by the court.]

APPEAL from Hamilton circuit court.

**Joseph Wilby** and **H. L. Gordon,** for plaintiff.

**Ellis G. Kinkead, Challen B. Ellis** and **H. K. Rogers,** for defendant.

JELKE, J.

We are of opinion that for the purpose of the consideration of this case, the Louisville & Nashville Railroad Company must stand in the shoes of Fanny J. Dickson, Caroline T. Jackson and David J. Dickson; that the record was sufficient to put said railroad company on notice as to all that was done in the execution of the lease from Fanny J. Dickson et al., to the Globe Soap Company, dated June 26, 1902; that the error of the recorder in the transcription was plain upon examination of the record, and the least prosecution of the inquiry which would naturally be prompted by the apparent discrepancy between the lessors named in the beginning of the recorded lease and the names signed thereto would have disclosed the truth. We find that the Louisville & Nashville Railroad Company and its privies took title with knowledge of the facts. This brings us to the question as to the effect of this lease instrument upon the interests of Charles F. and Paul R. Dickson. The most satisfactory statement of the law in this regard we find in Bigelow, Estoppel (4 ed.) 383 to 386. The law is well settled that where in a lease an interest passes, there is no estoppel on the lessor as to an after-acquired interest. This seems to be so, irrespective of any question of intention which might be deduced from the covenants of warranty. The case at bar, however, stands alone and differs from any case cited to us by

Soap Co. v. Railway.

counsel, or from any that we can find by reference to any of the text-books.

In the case at bar the parties, realizing the insufficiency of the instrument, executed as a binding lease upon the interests of Charles F. and Paul R. Dickson, have undertaken, aside from the usual special warranty contained in the lease, to make an additional contract having the interests of these minors, Charles F. and Paul R. Dickson, particularly in contemplation. Said contract is in words as follows:

"And the said lessors, Fanny J. Dickson, Caroline T. Jackson and David J. Dickson, for themselves, and for their heirs, executors, administrators and assigns, further covenant and agree with said lessee, its successors and assigns, that they and each of them guarantee the performance of the terms of this lease by Charles T. Dickson and Paul R. Dickson, minor children of Charles T. Dickson, and each of them, and that said minors, and each of them, on arriving at their full age will confirm this lease made by their guardian, and will save harmless and indemnify said lessee, its successors and assigns, against any interference or attempt at interference by said minors, or either of them with the possession of said lessee, its successors or assigns, according to the terms of this lease."

This case, as between plaintiff and defendant herein, turns upon the question whether or not at the conclusion of the partition proceedings, after Fanny J. Dickson, Caroline T. Jackson and David J. Dickson had acquired the two-fifths interests of said Charles F. and Paul R. Dickson, specific performance could have been decreed against the said Fanny J. Dickson et al., to compel them to execute a further lease making binding upon these after-acquired interests, the terms of the original lease. In all honesty, the original lease should have been duly carried out by further legal assurance. The gravest doubt, however, exists as to whether this is as contended by counsel for the Louisville & Nashville Railroad Company a mere personal agreement to hold harmless and indemnify and respond in damages, or is it an undertaking of such a nature that specific performance could be decreed upon it. We note in Bigelow, the following sentence:

"It is to be observed, however, that Mr. Preston says that in *equity*, if the lessors afterwards acquire an interest sufficient to make good the lease he may be compelled to give effect to the instrument by way of a further assurance."

"At law no lease, or other assurance, which operates in the first instance as and by way of *conveyance* can be used by way of estoppel

to bind any estate subsequently acquired, though the lease, or convey-. ance, does not confer the degree of interest it imports.  *   *   *

"But in equity, if a man who has a term for ten years, makes a lease for twenty years; or a person who has an estate for life, or in, tail, make a conveyance in fee, and afterwards acquires the fee, he will, if the transaction be founded on a valuable consideration, be bound by way of further assurance to give effect and confirmation to the original lease or alienation."—Preston, Abstracts p. 217.

This expression is consonant with the trend of our opinion. It is in the power of equity to compel the performance of that which parties ought to do and can be fairly held to have contracted to do, or have intended to do, or have led others to believe would be done, when it is in the power of such parties to do the thing, and where recourse for legal indemnity is not plain and may not be fully adequate and satisfactory.

This is an action in chancery, appealing to the conscience of the court. We therefore feel constrained to resolve our serious doubt on this legal proposition in favor of doing that which seems to us right, and which ought to have been done.

We therefore conclude that when Fanny J. Dickson, Caroline T. Jackson and David J. Dickson acquired the interests of the minors, they ought to have assured the terms of this lease to the Globe Soap Company, and we will consider that which ought to have been done for the purposes of this case as done, and looking on it in this light, we feel that this obligation fused into and affected the title of this land and went with it into the hands of the assigns of Fanny J. Dickson, Caroline T. Jackson and David J. Dickson.

However, as we have said in the beginning, all that controls us in coming to this conclusion, was suggested by the record, and was easily ascertainable upon diligent search by the Louisville & Nashville Railroad Company when they made their purchase.

We therefore find for the plaintiff, and decree may be had accordingly.

**Swing** and **Giffen, JJ.,** concur.